MOORE v. GREEN et al.

(Circuit Court of Appeals, Fourth Circuit.    May 1, 1906.)

No. 617.

BANKRUPTCY—CLAIMS—TAXES—PAYMENT:

 A bankrupt while a deputy sheriff received tax bills for collection, including bills on his own property, amounting to $611.47. He made no final settlement with the sheriff, though he made large payments on account of tax collections, including the bills on his own property. After the expiration of the sheriff's term, the latter made an assignment to a trustee, who took possession of all the tax books, including tax bills found in the desk of the bankrupt in the sheriff's office, amounting to $2,390.71. These bills did not include the bankrupt's individual taxes, which had been taken from the tax books and were in the bankrupt's possession; he claiming them to have been paid. *Held* that, as it was the sheriff's duty to close his tax transactions with the county annually, and to have returned delinquent taxes unpaid, and the bills against his deputy could not be so returned, the latter's taxes should be regarded as paid, and did not constitute a valid claim against his estate in bankruptcy.

Appeal from the District Court of the United States for the Northern District of West Virginia, at Martinsburg.

For opinion below, see 138 Fed. 192.

James M. Mason, Jr., for appellant.

Forest W. Brown and A. W. McDonald, for appellees.

Before PRITCHARD, Circuit Judge, and WADDILL and KELLER, District Judges.

WADDILL, District Judge. This is an appeal from the decision of the United States District Court for the Northern District of West Virginia, involving the question of the propriety of the rejection by that court of the claim of $611.47, asserted by the appellant against the bankrupt's estate for unpaid taxes alleged to be due, and for which it is claimed a lien existed against the property of the bankrupt being administered by the court. The facts out of which the complaint arises are briefly these: The appellant's intestate, Eugene Baker, was the sheriff of Jefferson county, W. Va., for the period from January, 1897, to January 1, 1901, and the bankrupt, George Porterfield, was a deputy sheriff under him, and as such was charged with the collection of the taxes for Charlestown district in said county. He resided in said district, and during the period of four years the taxes upon his real property amounted to $453.30, and his personal property to $55.64, which latter items, with interest, constitute the debt in question. Porterfield, it seems, during his term of office, had no final settlement with his principal, the sheriff, though he made on account of collections of taxes thus placed in his hands, including the tax bills on his own property, large payments either to the sheriff, from time to time, or in claims against the county, drawn on the sheriff, and turned in by him as money to the sheriff. He seems to have kept no separate account of the public money, but mingled it with his own. After the expiration of the term of the sheriff, and in this unsettled condition of accounts between the sheriff and his deputy, Porterfield, the sheriff made an assignment to the appellant trustee, who in September, 1902, took possession of all the tax books, which included the tax bills for Charlestown district, found in the desk of George Porterfield in the office of the sheriff, which was done without the knowledge or consent of said Porterfield. The tax bills thus taken possession of amounted to the sum of some $2,390.71, and the claim is that an indebtedness of $3,000 was due by Porterfield. The tax bills thus found in Porterfield's desk did not contain his individual taxes, they having been from time to time taken from the tax books, and were in the bankrupt's pocketbook in his own possession; the bankrupt's contention being that he was entitled to such bills, having settled with his principal for them, and while he did not know precisely what, if anything, he owed on account of his deputyship, he thought he had sufficient uncollected tax bills, when credited with commissions and erroneous and delinquent taxes, to square himself with the high sheriff.

The sole question in this appeal turns upon whether or not the taxes properly assessable against the individual property of the bankrupt

145 F.—31

shall ·be ·treated as paid or as remaining unpaid, and to constitute a lien against the bankrupt's property. The referee and the lower court were both of the opinion that in the dealings between the bankrupt and his principal, the high sheriff, these taxes were paid; that in the manner of dealing between the parties the bankrupt properly had the receipts, and that no specific debt for which the lien existed on account of individual taxes due by the bankrupt existed in favor of the sheriff, whatever might be the true state of accounts between them on a general settlement of their transactions; and in this view we fully concur. It was the duty of the sheriff to close up his tax transactions with the county annually, and to have returned as delinquent such taxes as were unpaid and proved uncollectible. These were public duties, with which both he and his deputy were charged; and he, of course, did not return his deputy's property delinquent, because, manifestly it could not be truthfully so returned, and should ·not, if returned, have been allowed by the state officials charged with the approval of such accounts. In the dealings between the sheriff and his deputy and the public these taxes were paid, and so treated, and neither he nor his deputy should be allowed now to make a contrary contention; particularly when the result would fall upon innocent persons in no wise responsible either for their neglect of their official duty or unbusinesslike methods in discharging the same. The basis of the appellant's contention in this case rests upon the fact that the property, sold in these proceedings for over $19,000, itself owned by the tax collector, ought to have been or could have been returned delinquent, and thereby for the time being escape taxation. Such an occurrence ought not to have been possible with any taxpayer, and should not be countenanced for a moment by the tax collector in dealing with his own property.

The decision of the lower court is plainly right, and will be affirmed, with costs. Affirmed.